UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MISAEL RODRIGUEZ, on behalf of himself and all :
others similarly situated,

                          Plaintiffs,      :     **COLLECTIVE ACTION**
                                      :        **COMPLAINT**

        -against-               :

                                      :

BK JANI LLC, BK JANI DEKALB LLC, BK JANI   :     **JURY TRIAL DEMANDED**
601 LEX LLC, and SIBTE HASSAN,           :

                       Defendants.    :
-------------------------------------------------------------------------X

       Plaintiff Misael Rodriguez ("Plaintiff" or "Rodriguez"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants BK Jani LLC, BK Jani Dekalb LLC, BK Jani 601 Lex LLC (collectively, "BK Jani Defendants"), and Sibte Hassan ("Hassan"), individually (collectively, "Defendants"), alleges:

### NATURE OF THE ACTION

     1.     Rodriguez worked at the BK Jani Restaurants as a cook from 2015 through May 31, 2026. Throughout his employment, Rodriguez worked up to sixty hours per workweek, but Defendants paid him on a weekly salary basis which failed to compensate him for minimum and overtime wages. Defendants also failed to furnish Rodriguez with a wage notice upon hiring and paystubs accurately reflecting his hours worked and wages due per pay period.

     2.     Rodriguez brings this action on behalf of himself and all similarly situated non-exempt restaurant workers (the "Restaurant Workers") seeking declaratory and injunctive relief and to recover from Defendants his overtimes wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law §190,

*et seq.* ("NYLL"), unpaid minimum wages under the NYLL, liquidated damages, statutory damages under the Wage Theft Prevention Act NYLL §§ 195, 198 ("WTPA"), arising out of Defendants' failures to furnish him with accurate weekly wage statements, pre-and post-judgement interest, and attorneys' fees and costs. Plaintiff's assault and battery claim arises under New York common law.

## JURISDICTION

4.     This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's NYLL, and common law claims pursuant to 28 U.S.C. § 1367.

## VENUE

5.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391(b) because Defendants operate restaurants within this district, and a substantial part of the events giving rise to this action occurred within this district.

## PARTIES

**Plaintiff Misael Rodriguez**

6.     Misael Rodriguez resides in Queens County, New York. Plaintiff was employed by Defendants as a cook and food preparer at Defendants' BK Jani restaurant locations from approximately 2015 through May 31, 2026.

**Defendant BK Jani LLC**

7.     Defendant BK Jani LLC is a domestic limited liability company organized under the laws of the State of New York, with a process server address at 194 Schaefer St. APT 2R, Brooklyn, NY 11207, and a principal place of business 679 Grand Street, Brooklyn, New York 11211.

8.     BK Jani LLC is an "enterprise engaged in commerce" within the meaning of the FLSA.

2

9. Throughout Rodriguez's employment, BK Jani LLC had employees, including Rodriguez, engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. In the three years preceding the filing of this Complaint, BK Jani LLC has had an annual gross volume of sales in excess of $500,000.

11. Defendant BK Jani LLC employed Rodriguez within the meaning of the FLSA and the NYLL.

**Defendant BK Jani Dekalb LLC**

12. Defendant BK Jani Dekalb LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 445 Albee Square, Brooklyn, NY 11207.

13. BK Jani Dekalb LLC is an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Throughout Rodriguez's employment, BK Jani Dekalb LLC had employees, including Rodriguez, engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. In the three years preceding the filing of this Complaint, BK Jani Dekalb LLC has had an annual gross volume of sales in excess of $500,000.

16. Defendant BK Jani Dekalb LLC employed Rodriguez within the meaning of the FLSA and the NYLL.

**Defendant BK Jani 601 Lex LLC**

17. Defendant BK Jani 601 Lex LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 601 Lexington Avenue, New York, NY 10022.

18. BK Jani 601 Lex LLC is an "enterprise engaged in commerce" within the meaning of the FLSA.

19. Throughout Rodriguez's employment, BK Jani 601 Lex LLC had employees, including Rodriguez, engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

20. In the three years preceding the filing of this Complaint, BK Jani 601 Lex LLC has had an annual gross volume of sales in excess of $500,000.

21. Defendant BK Jani 601 Lex LLC employed Rodriguez within the meaning of the FLSA and the NYLL.

**Defendant Sibte Hassan**

22. Defendant Hassan is listed as the registered service-of-process contact for each of the BK Jani Defendants.

23. Defendant Hassan is an owner and principal of BK Jani Defendants.

24. At all relevant times, Hassan exercised power and authority over personnel decisions at all of the BK Jani locations, including the authority to hire and fire employees, discipline employees, set employee schedules, set employee wage rates, retain time and wage records, and otherwise control the terms and conditions of Plaintiff's employment.

25. Hassan interviewed and hired Rodriguez.

26. Hassan determined Rodriguez's wage rates paid.

27. Hassan created and modified Rodriguez's work schedules.

4

28.     Hassan exercised this authority personally and through managers and supervisors at all of the BK Jani locations.

29.     Hassan exercised sufficient control over all of the BK Jani Defendants's operations and Rodriguez's employment to be considered Roriguez's employer within the meaning of the Fair Labor Standards Act and the New York Labor Law.

## FACTUAL ALLEGATIONS

### Defendants BK Jani LLC, BK Jani Dekalb LLC, and BK Jani 601 Lex LLC are a Single Enterprise that Jointly Employed Plaintiff

30.     Defendants operated restaurant locations at 679 Grand Street, Brooklyn, New York; 601 Lexington Avenue, New York, New York; and 445 Albee Square, Brooklyn, New York.

31.     Throughout Rodriguez's employment, the BK Jani Defendants have had unified operations and interchanged staff between all three BK Jani locations.

32.     Defendant Hassan required Roriguez to work a few hours at one location and then would move him to other locations as necessary.  Rodriguez's employment conditions and payment structure were the same at each BK Jani location where he worked.

33.     Defendant Hassan required other employees to work at all three BK Jani locations.

34.     Defendants utilized the same products and vendors, rotated employees across all three locations, and all operations were overseen by Defendant Hassan.

35.     The BK Jani Defendants shared and codetermined the essential terms and conditions of the employment of Rodriguez and exercised sufficient control over his employment terms to be considered his "employers" under the FLSA and NYLL.

**Plaintiff's Hours Worked and Pay Received**

36.     From approximately December 2019 through February 2020, Rodriguez regularly worked six days per week, with Mondays off, from 12:00 p.m. to 10:00 p.m., totaling approximately 60 hours per week.

37.     During the COVID-19 pandemic, Plaintiff worked as a cook and delivery person and was required to work eight hours per day, four to six days a week, for a total of thirty-two to forty-eight hours per workweek.

38.     From approximately December 2019 through February 2020, Defendants paid Rodriguez $700 per week for all hours worked per workweek, including hours over forty per workweek.

39.     From approximately March 2020 through July 2020 was paid $200 per week for all hours worked, including hours over forty per workweek.

40.     From approximately August 2020 through March 2026, Defendants paid Rodriguez $700 per week for all hours worked per workweek, including hours over forty per workweek.

41.     Approximately three months before his termination, a new manager began sending Rodriguez home early on certain days, resulting in his weekly pay varying between approximately $500 and $800.

42.     Defendants regularly made arbitrary deductions from Plaintiff's weekly wages as penalties for perceived lateness or other infractions, including deductions of $50 to $150 per occurrence.

43.     Throughout Rodriguez's employment, Defendants instituted a tip policy where customers could choose to tip when they pay using a credit card at the register.

44.     Throughout his employment, Rodriguez and the Restaurant workers were not given any portions of the tips received by Defendants.

6

45. Throughout periods of his employment, Rodriguez's hourly wage rate fell below the statutorily required minimum wage rate.

46. Defendants did not pay Rodriguez overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty per week, as required by the FLSA and the NYLL.

47. Defendants failed to furnish Rodriguez and other Restaurant Workers with wage statements with each payment of their wages throughout their employment.

48. Defendants failed to furnish Plaintiffs and other Restaurant Workers with wage notices at the time of their hiring and when their wage rates changed.

49. Defendants' failure to issue complaint wage notices or wage statements directly contributed to the wage theft suffered by Plaintiffs, as the lack of accurate information regarding their total hours worked per workweek and entitlement to overtime wages at the legally required rate hindered their ability to track the amounts owed to them and challenge Defendants' unlawful wage payment practices sooner.

50. Had Plaintiff received a compliant wage notice and accurate and compliant weekly wage statements, he would have realized that he was being underpaid and would have acted sooner to ensure proper payment of wages.

51. Plaintiff was unaware that he was legally entitled to be paid one and a half times his regular rate for all hours over forty per workweek, which a wage notice and wage statements in compliance with labor law regulations would have clarified.

52. On or about May 31, 2026, Defendants terminated Plaintiff's employment, accusing him of drinking on the job.

53. At the time of his termination, Defendant Hassan physically struck Plaintiff and, in the presence of others, threatened to break a bottle over Plaintiff's head.

54.     A video recording captured at the scene depicts a physical confrontation between Plaintiff and Hassan at the time of Plaintiff's termination.

55.     Defendant Hassan physically struck Plaintiff at the time of termination, and threatened him with imminent bodily harm. These were intentional, harmful, and offensive, and caused Plaintiff to suffer apprehension of and actual bodily harm.

56.     Plaintiff did not file a police report at the time of the incident and left the premises after being struck.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiff brings this action on behalf of himself and all similarly situated Restaurant Workers who have worked for Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

58.     The FLSA Collective consists of approximately twenty workers who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying the FLSA Collective overtime pay.

59.     Plaintiff and the FLSA Collective have worked over forty hours per workweek, have performed virtually the same duties, were paid on a fixed weekly or daily basis, and have been subjected to the Defendants' common unlawful pay policies and practices depriving them of overtime pay at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

60.     Defendants intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in patterns, practices, and policies violating the FLSA, including but not limited to: (1) failing to pay the FLSA Collective overtime wages for hours worked over forty per workweek; and (2) failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA.

61.     Defendants engaged in this unlawful conduct pursuant to corporate policies of minimizing labor costs and denying the FLSA Collective their compensation.

62.     Defendants are aware or should have been aware that the FLSA required them to pay the FLSA Collective an overtime premium for hours worked in excess of forty per workweek.

63.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

64.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated employees can be readily identified and located through Defendants' records. The similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

### FIRST CLAIM
### (FLSA - Unpaid Overtime Wages)

65.     Plaintiff realleges and incorporates all preceding paragraphs.

66.     Defendants are employers within the meaning of 29 U.S.C. § 203 (d) and 207(a) and employed Plaintiff and the FLSA Collective.

67.     Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular hourly wage rates for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

68.     Plaintiff regularly worked in excess of forty hours per week. Defendants willfully failed to compensate Plaintiff at one and one-half times his regular rate of pay for all hours worked in excess of forty per week, in violation of the FLSA.

69.    As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## SECOND CLAIM
### (FLSA – Misappropriation of Tips)

70.    Plaintiff realleges and incorporates all preceding paragraphs.

71.    29 U.S.C. §203(m)(2B) prohibits employers from retaining tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips.

72.    Defendant willfully violated the FLSA by instituting a policy and practice of failing to pay Plaintiff and the FLSA Collective all tips owed due to an invalid tip pooling policy.

73.    At all relevant times, Defendants had a policy and practice of unlawfully retaining the gratuities of Plaintiff and the FLSA collective.

74.    At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by instituting a tip policy where customers can choose a tip option when they pay at the cash register, but none of the employees are given any shares of the tips.

75.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the FLSA Collective suffered damages in an amount representing disgorgement of illegally retained tips, plus an equal amount in liquidated damages.

76.    As a result of Defendants' violations, the Plaintiff and FLSA Collective members have suffered damages and are entitled to recover their misappropriated tips, liquidated damages, attorneys' fees and costs, and pre-judgment and post-judgment interest.

10

## THIRD CLAIM
### (NYLL – Misappropriation of Tips)

77. Plaintiff repeats and incorporates all paragraphs above by reference.

78. NYLL §196-d and regulations issued thereunder, *see* 12 N.Y.C.R.R. §§146-2.14, -2.15 prohibit employers from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee.

79. Defendant willfully violated the NYLL by instituting a policy and practice of failing to pay Plaintiff and other employees all tips owed due to an invalid tip policy.

80. At all relevant times, Defendants had a policy and practice of unlawfully retaining the gratuities of Plaintiff and other employees.

81. At all relevant times, Defendants showed a willful disregard for the provisions of the NYLL by retaining tips that were due to Plaintiff and other employees.

82. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount representing disgorgement of illegally retained tips, plus an equal amount in liquidated damages.

83. As a result of Defendant's willful violation of NYLL §196-d and NYDOL Regulations, Plaintiff suffered damages and is entitled to recover his misappropriated tips, liquidated damages, attorneys' fees and costs, and prejudgment and post-judgment interest.

## FOURTH CLAIM
### (NYLL – Unpaid Minimum Wages)

84. Plaintiff realleges and incorporates all preceding paragraphs.

85. Defendants are employers within the meaning of NYLL §§190(3), 651(6), and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

86.     Defendants employed eleven or more employees, making them "large employers," both individually and collectively, under 12 N.Y.C.R.R. § 142-2.1(a)(1)(i).

87.     The NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R §142-2.1, require employers to pay employees at least the minimum wage or each hour of work up to forty per workweek.

88.     Defendants willfully violated the NYLL by failing to pay Plaintiff minimum wages.

89.     As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, prejudgment interest, and attorneys' fees and costs.

## FIFTH CLAIM
### (NYLL – Unpaid Overtime Wages)

90.     Plaintiff realleges and incorporates all preceding paragraphs.

91.     Under the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.2, Defendants were required to pay Plaintiff one one-half (1 1/2) times his regular rates of pay for all hours worked over forty per workweek.

92.     Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

93.     Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

94.     As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

12

## SIXTH CLAIM
### (NYLL - Unlawful Wage Deductions or Kickbacks)

95.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

96.     During the relevant time, Defendants unlawfully made charges against the wages of Plaintiff, in violation of NYLL §§ 193 and 198-b.

97.     Defendants' violations of the NYLL, as described, were willful and intentional.

98.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the amount of unlawful deductions or kickbacks, liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SEVENTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Notice)

99.     Plaintiff realleges and incorporates all preceding paragraphs.

100.    The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

101.    In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

13

102. As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

## EIGHTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

103. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

104. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

105. Defendants failed to provide Plaintiff with a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

106. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## NINTH CLAIM
### (Assault and Battery)

107. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

108. On or about May 31, 2026, Defendant Hassan intentionally and without justification struck Plaintiff in the course of terminating his employment, and further threatened to use a bottle as a weapon against Plaintiff.

109. These actions followed Defendant Hassan's prior written threats of physical violence against Plaintiff, including a February 27, 2026 text message in which Hassan stated he would "kick [Plaintiff's] face in" with a beer can if he observed Plaintiff drinking at work.

14

110.    Defendant Hassan's physical strike upon Plaintiff constituted a battery, an intentional, harmful, and offensive contact with Plaintiff's person, committed without Plaintiff's consent.

111.    Defendant Hassan's threats of imminent physical harm, both at the time of termination and in the prior written communications, placed Plaintiff in reasonable apprehension of immediate harmful contact, constituting assault under New York law.

112.    As a direct and proximate result of Defendant Hassan's assault and battery, Plaintiff suffered physical harm, emotional distress, and other compensable damages.

113.    Defendant Hassan's conduct was intentional, willful, and outrageous, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

a. Designating this action as a collective action pursuant to 29 U.S.C. § 216(b) and authorizing notice to all similarly situated individuals;

c. Awarding Plaintiff and collective members all unpaid overtime and minimum wages, and misappropriated tips;

d. Awarding Plaintiff and all collective members liquidated damages as permitted by the FLSA and the NYLL;

e. Awarding Plaintiff and all collective members statutory damages for Defendants' WTPA violations;

f. Awarding Plaintiff and all collective members all unlawfully deducted wages;

g. Awarding Plaintiff compensatory and punitive damages for Defendant Hassan's assault and battery;

15

h. Awarding prejudgment and post-judgment interest;

i. Awarding Plaintiff and all collective members reasonable attorneys' fees and costs of this action; and

j. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
      July 28, 2026,

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Camille A. Sanchez
488 Madison Avenue, 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
sanchez@pechmanlaw.com
*Attorneys for Plaintiff and the Putative Collective*